IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Janice McMullen Jones, | C/A No. 0:20-cv-1418-JFA-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| Piedmont Medical Center, *Centre for Psychiatry*; Vidant Behavioral Health; Rebound Behavioral Health Hospital | |
| Defendants. | |

Plaintiff Janice McMullen Jones, proceeding *pro se*, filed this action *in forma pauperis* under 28 U.S.C. § 1915. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On April 17, 2020, Plaintiff filed a notice of voluntary dismissal. (ECF No. 5), but on April 20, Plaintiff filed a letter indicating she desires to proceed with this case. (ECF No. 6). The Magistrate Judge construed this letter as a motion to reopen the case and proceeded accordingly.

After reviewing the motion to reopen and Plaintiff's complaint, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 9). Within the Report, the Magistrate Judge opines that Plaintiff's motion to reopen should be granted but that this matter should be summarily dismissed

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

without prejudice and issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(b). *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of her right to object to the Report, which was entered on the docket on April 30, 2020. *Id.* The Magistrate Judge required Plaintiff to file objections by May 14, 2020. *Id.* Plaintiff failed to file objections or otherwise address the deficiencies in her complaint. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that the Plaintiff's pleadings fail to state a claim and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b).

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

(ECF No. 9). Consequently, Plaintiff's motion to reopen the case (ECF No. 6) is granted and this matter is summarily dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 21, 2020                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge